# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

YLIYAH BEN YISRAYL,       )
                                       )
         Plaintiff,        )
                                       )
         v.                 )           No. 1:17-CV-112 AGF
                                       )
STE. GENEVIEVE COUNTY JAIL,  )
                                       )
        Defendant.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Yliyah Ben Yisrayl, an inmate at Forrest Medium Security Center at Forrest City, Arkansas, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the Court finds that the amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a certified copy of his account statement, stating that his correctional institution has refused to provide him with such. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Amended Complaint

Plaintiff, an inmate at Forrest Medium Security Center at Forrest City, Arkansas, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The sole defendant in this action is Saint Genevieve County Jail. Plaintiff sues defendant in its official capacity.

Plaintiff states that he was incarcerated at Saint Genevieve County Jail in May 2017, and he was suffering from shingles on his right leg. He claims he requested a bottom bunk, but was denied a bottom bunk and assigned a top bunk in a "3-man bunk." On June 2, 2017, plaintiff asserts he was descending from his bunk when his right leg began to "give out on him." Plaintiff asserts he tried to catch himself with his right arm, which caused a separation of his shoulder joint.

Plaintiff states that although he was given medical attention for his painful shoulder and prescribed medication, he refused to take the medication because he was not told the side effects of the medication. Plaintiff blames his injury on defendant's failure to assign him a bottom bunk. He seeks "one million U.S. dollars" in damages for his injury.

## Discussion

Plaintiff has brought this action against the Saint Genevieve County Jail. Plaintiff's claim against the jail is legally frivolous because it cannot be sued. *See Ketchum v. City of West*

*Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Moreover, even if plaintiff named Saint Genevieve County as the legal entity to be sued, or the entity that actually owns Saint Genevieve County Jail, his claims in this lawsuit would still fail to state a claim upon which relief could be granted. To state a claim against a municipality for an official capacity claim, plaintiff must allege that a **policy or custom** of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Saint Genevieve County or the Saint Genevieve County Jail was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of September, 2017.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE